Hon. Leonard G. Dunston Director, New York State Division for Youth
Your counsel has asked whether the Division for Youth (the "Division") has the authority to promulgate regulations requiring each county participating in comprehensive planning of youth programs, pursuant to Executive Law, § 420(1)(a), to review and evaluate youth programs of other municipalities within the county.
An administrative agency possesses only those powers expressly or impliedly delegated by the Legislature (Matter of Consolidated EdisonCo. v Public Service Commission, 47 N.Y.2d 94 [1979], revd on other grnds, 447 U.S. 530 [1980]; Matter of Nicholas v Kahn, 47 N.Y.2d 24
[1979]). Within reasonable safeguards and standards, the Legislature may delegate to an administrative agency the power to administer a statute, and to fill in the interstices of a statute by promulgating rules consistent with such statute (ibid.; Matter of Levine v Whalen,39 N.Y.2d 510 [1976]). The safeguards and standards pursuant to which the administrative agency is empowered to regulate may be broadly stated (Boreali v Axelrod, 71 N.Y.2d 1 [1987]; Matter of Levine, supra).
The issue is whether the Division's enabling legislation provides a sufficient delegation of authority for the promulgation of the proposed regulation. Executive Law, § 420 sets forth alternative methods by which a county or municipality can obtain State aid for youth programs provided within its geographic area. Pursuant to Executive Law, §420(1)(b), each county, city, town or village may apply separately for State aid for its youth programs. Pursuant to Executive Law, §420(1)(a), a newer alternative, coordinated planning of youth programs within each county is encouraged through financial incentive. Each county obtains State aid for all the youth programs within the county which must be included in a comprehensive plan submitted by the county and approved by the Division. You advise that all counties and the City of New York currently obtain State aid for youth programs pursuant to Executive Law, § 420(1)(a). The question is whether the Division may require that counties obtaining funding under section 420(1)(a) review and evaluate youth programs of other municipalities within the county.
Executive Law, § 420(1)(a)(1) provides, that as a condition for the receipt of State aid in support of youth programs, a county must submit to the Division for approval a "comprehensive plan for the provision of a broad coordinated range of programs for the youth of such county. Such a plan must have been developed in accordance with the regulations of the director and shall include provision for review and evaluation of the programs provided to youth in the county". Said section does not explicitly require counties to review and evaluate youth programs other than county-sponsored youth programs included in such plans.
Among the powers of the Division, assumed from the State Youth Commission pursuant to chapter 881 of the Laws of 1960, are the powers to
 "devise, analyze, accept or reject plans for the creation and operation of youth bureaus, recreation and youth service projects or other youth programs as defined by the rules and regulations of the commission" (Executive Law, § 415[1][i]);
 "promulgate and publish conditions and regulations relative to the obtaining and use of state aid and the creation and operation of youth programs" (Executive Law, § 415[1][n]); and
 "stimulate the more effective use of existing community resources and services for youth" (Executive Law, § 415[1][a]),
all in support of the purpose of putting
 "into effect those measures most suitable to supplement and aid in coordinating the work of existing religious and social institutions for the prevention of delinquency and youth crime, and the advancement of the moral, physical, mental and social well-being of the youth of this state . . ." (Executive Law, § 411).
By statute, the Legislature has required explicitly that comprehensive plans for youth programs prepared by counties shall contain provision for review and evaluation of included youth programs (Executive Law, §420[1][a][1]). The Legislature has delegated explicitly to the Division the power to promulgate rules with respect to such comprehensive plans and such youth programs (Executive Law, §§ 415[1][i] and [1][n],420[1][a][1]). In our opinion, the Legislature has set forth reasonable safeguards and standards in the Executive Law to guide the Division's rulemaking (Matter of Levine, supra; Matter of Sullivan Co. Harness vGlasser, 30 N.Y.2d 269 [1972]).
We conclude that the Legislature has delegated to the Division the power to determine what entities are to review and evaluate municipal youth programs included in such comprehensive plans. The Division may require counties to review and evaluate these municipal youth programs.